IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL GRAHAM,

    Plaintiff,

    v.

KEYPOINT HEALTH
    SERVICES, INC., *et al.*,

    Defendants.

Civil Action No.:  DLB-21-2703

**MEMORANDUM**

Plaintiff Paul Graham, proceeding without counsel, filed a complaint in this Court on October 20, 2021, along with a motion for leave to proceed in forma pauperis.  ECF 1, 2.  He has supplemented his in forma pauperis motion, which shall be granted.  ECF 6.  He also filed a motion to appoint counsel and a motion to amend his complaint.  ECF 3, 5.

Graham names as defendants his psychiatrist Dr. Sanikop of Key Point Health Services, Inc.; Samuel Snipes, a manager; and Tia Cornish, a case manager.  Graham alleges that on or about September 1, 2021, Dr. Sanikop prescribed the medication Caplyta, which caused him migraines, bloody urine, and concentration problems.  ECF 1, at 8.  He also claims that he has a history of "concentration problems" that Dr. Sanikop treated for about three years with various medications that had side effects of blurred vision and weight gain.  *Id.*  Graham asserts that Dr. Sanikop was aware of the possible side effects of the different drugs and failed to inform him.  *Id.*  He claims that the medications' side effects caused him to be put on academic probation and to have his financial aid suspended.  *Id.*  Graham also raises issues he had with his former roommate at Key Point Health Services, Lee Pearson.  *Id.* at 9.  Finally, Graham alleges that a conspiracy by

defendants caused him to suffer from mental illness and disability.  *Id.*  As relief, he requests that defendants be incarcerated, that he be awarded $15 million in damages, and that numerous "co-plaintiffs" be granted pardons.[1]  *Id.* at 11.

A federal district court does not hear all cases.  Federal district courts have jurisdiction to hear only "civil actions arising under the Constitution, laws, or treaties of the United States" and "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. §§ 1331, 1332(a)(1).  The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see* Fed. R. Civ. P. 12(h)(3) (stating that if at any time a court determines that it does not have subject matter jurisdiction, "the court must dismiss the action.").  The party filing suit bears the burden of establishing the Court's subject matter jurisdiction.  *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *see Hertz*, 599 U.S. at 96.  This Court must construe liberally complaints filed by self-represented plaintiffs.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Graham claims the Court has federal question jurisdiction over his complaint and that his claims are based on violations of his First and Eighth Amendment rights.  ECF 1, at 6. The Court construes his complaint as an action alleging constitutional rights violations filed pursuant to 42 U.S.C. § 1983.  *See Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1366 (4th Cir. 1989); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  To establish liability under § 1983, a plaintiff must

---

[1] None of the twenty individuals Graham includes in the caption as co-plaintiffs signed the complaint, and therefore this complaint cannot be instituted on their behalf.  *See* Loc. R. 102.1(a) (D. Md. 2021) ("When a party is appearing without counsel, the Clerk will accept for filing only documents signed by that party.").

prove the defendant committed the alleged unlawful conduct while acting under color of state law. *See* 42 U.S.C. § 1983; *Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020). Graham fails to allege that any of the defendants were state actors or acting under color of state law during the alleged misconduct. Graham's claims, when construed liberally in his favor, amount at best to medical malpractice claims. Such claims typically arise under state, not federal, law. Therefore, he fails to allege a § 1983 claim. The complaint raises no other claims arising under the Constitution or laws of the United States. Thus, the Court lacks federal question jurisdiction under 28 U.S.C. § 1331.

The Court also lacks diversity jurisdiction over the complaint. This Court has diversity jurisdiction, with certain class action exceptions not relevant here, when there is "complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Plaintiff provides Maryland addresses for himself and all defendants. ECF 1, at 4–5. Thus, for purposes of diversity jurisdiction, plaintiff and defendants appear to be citizens of Maryland. *See* 28 U.S.C. § 1332(c)(1) (corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business); *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) (noting that, for diversity purposes, a natural person is a citizen of the state where they are domiciled). Plaintiff did not allege diversity jurisdiction as a basis for jurisdiction over his complaint, and even if he had, he could not show complete diversity of citizenship among the parties.

Accordingly, the Court must dismiss the complaint without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). This dismissal does not prejudice plaintiff's right to present his claims in the Maryland state courts.

Graham seeks leave to amend his complaint to request the additional relief of expungement of his criminal record.  This proposed amendment does not state a federal question and would not confer jurisdiction on this Court.  Therefore, amendment would be futile.  *See US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 320 (4th Cir. 2010) ("The district court does not abuse its discretion in denying leave when 'amendment would be futile,'" such as when amendment "would have no impact on the outcome of the motion to dismiss." (quoting *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001))).  His motion to amend is denied.

Because this case is dismissed without prejudice, the motion to appoint counsel is denied.

A separate order follows.

  November 22, 2021  
Date

Deborah L. Boardman  
United States District Judge